Wood v. Reamer.

---

CASE 112—ACTION BY ANNIE C. REAMER AGAINST L. H. WOOD, TO ENFORCE CONTRACT FOR SALE OF LAND.—OCTOBER 26.

# Wood v. Reamer.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION, NO. 1—SHACKELFORD MILLER, JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

WIFE'S SEPARATE PROPERTY—CONSTRUCTION OF INSTRUMENTS CREATING —"HEIRS" OR "DESCENDANTS."

1. An antenuptial contract between an infant, her intended husband, and her mother provided that, when the wife became twenty-one years of age, the husband would join with her in a deed of all her property to her mother, in trust for the wife's separate

Wood v. Reamer.

use. Deeds in pursuance of such contract conveyed all the property the wife owned at the time of her marriage, "in trust for the sole and separate use of said (wife) during her life, and after her death, if she should die intestate to convey the same to the descendants of the said (wife), if any, in the same proportion as if it had descended from her, or to her heirs if she should die intestate and without descendants living at the time of her death." HELD, that the instruments created a separate estate in the wife free from any marital rights of the husband in the property.

2. The word "heirs" or "descendants," used in the creation of a separate estate for a married woman, will not at her death exclude the marital rights of the husband, except as to the children.

C. B. BLAKEY, ATTORNEY FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. The court had no authority to set aside the deed of trust for the reason that power to revoke same was not retained in the deed of trust, nor does the reason for the existence of the deed appear, and the court can not say that the reason no longer existed. Anderson v. Kemper, 25 R., 538; Middleton v. Shelby Co. Trust Co., 21 R., 183.

2. The judgment of the Jefferson circuit court in the suit between the appellee and her trustee was not and will not be binding upon the descendants or heirs of the appellee for the reason that they were not parties to that suit. Dembitz on Land Titles, p. 1159; Petition of Lynan, 11 R. I., 157; Collins v. Lofftus, 10 Leigh (Va.), 5; Malone v. Schwing, 101 Ky., 256; Dorsey v. Maddox, 19 R., 1903; Lynberger v. Newkirk, 36 Atlantic, 193; Roberts v. Yansey, 94 Ky., 246; Morgan v. Halsey, 96 Ky., 789; LeBeck v. Ft. Payne Bank, 22 Atlantic, 74.

STROTHER & HARDIN, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. The antenuptial contract is in the usual and ordinary form of such contracts where the husband agrees to join in a deed of trust creating a separate estate for the wife in her own property.

The granting clause of the first deed of trust and the habendum clause of a subsequent deeds of trust follow the language of the ante nuptial contract except that they contain the additional provision, in reference to the descendants or, failing descendants, heirs.

Wood v. Reamer.

That nothing in either the deeds or the ante nuptial contract show any disposition to create a general trust limiting the use of Mrs. Reamer of her property. And that there is nothing inconsistent with the intent to create a separate estate in Mrs. Reamer. That to exclude the marital rights as to the descendants or heirs it was necessary to do so by specific provision to that effect. And that the clause in said deeds in reference to heirs and descendants is in the usual form to effectuate such intention.

2. That the language of the deeds of trust with reference to descendants and heirs was necessary in the creation of a separate estate where it is intended to exclude the marital rights of the husband in the property of the wife in any event, and was put in the said deed for the purpose of preventing the marital rights of said Reamer taking effect as against descendants or heirs in the event of the death of Mrs. Reamer. Cox v. Coleman, 13 B. M., p. 452; Hart v. Soward, 14 B. M., 243; Brown's Admr. v. Brown's Exr., 11 Ky. Law Rep., 799; Markwell's Admr. v. Markwell, Exr., Ky. Law Rep., 908.

3. The estate created by the antenuptial contract and the several deeds of trust made upon consideration thereof, being the separate estate of a married woman, was terminated by operation of law on the termination of the coverture by the death of said Reamer, and its termination is not prevented or effected by the clause in reference to descendants or heirs. Wilkinson v. Wright, &c., 6 B. M., 576; Bush's Appeal, 33 Penn. State Rep., p. 85; Moore v. Morris, Vice Chancellor's Court, 3 Jurist, N. S., p. 552; Roberts v. Mosely, 51 Mo., 286.

(a) Cases not concerning separate estate but illustrative of the tendency of the court to terminate a trust whenever its purpose has been fulfilled. Bloom v. Ray, &c., 13 Ky. Law Rep., 168; Weekley, Trustee v. Buckner, &c., 91 Ky., 457; Webster's Trustee, v. Webster, 93 Ky., 632; Avery's Trustee v. Avery, 90 Ky., 613; Thomas v. Harkness, and Wife, 13 Bush, 23.

4. That the judgment of the chancellor in Sanders v. Reamer did not terminate the trust by its own force, but was merely declaratory that the trust had determined by operation of law.

5. That the title of Mrs. Reamer to hold this property in fee simple is not dependent upon the validity or conclusiveness of the suit of Sanders v. Reamer, but that the fee simple title vested in her by operation of law on the death of Reamer.

6. That as the only interest of the heirs at law of Mrs. Reamer in the trust was to exclude the marital right of Reamer, after Reamer's death they had not such interest in the estate of Mrs.

Reamer, as would make them either necessary or proper parties to the suit of Sanders v. Reamer.

7. That the trust is in no sense a voluntary settlement in general trust, and that the law applicable .to voluntary settlements in trust has no applicability to this case.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

This is an appeal from the Jefferson circuit court by appellant. It appears that appellee sold appellant a piece of real estate in the city of Louisville for the price of $310, and executed to him a bond for title. and took his note for the purchase price. When it became due she tendered him a deed for the property, and demanded the money, which he refused to pay, and she brought this action. He based his refusal to pay the purchase price upon the claim that appellee could not make him a good and perfect title to the piece of land, for the reason as he claimed, that she only owned the life estate in the property. The lower court disagreed with him, and he has appealed.

The history of this title, wherein appellant claims that defects occur, is as follows: On the 31st of October, 1867, the appellee, then being Anna T. Cornwall and an infant, together with her mother, Amelia Cornwall, entered into an antenuptial contract with William C. Reamer, upon consideration of their approaching marriage, by which Reamer agreed in effect that, as soon as appellant should become of age, he would unite with her in a deed to .her mother as trustee, setting apart all of the property of appellee to her separate use. Pursuant to this agreement, on the 27th of January, 1868, William C. Reamer did unite with appellee in a deed conveying all her property to her mother in trust for her sole and separate use. Afterwards, John L. Cornwall, who was the only brother of the appellee, died intestate, and she inherited from him certain estate. and

William C. Reamer again united with her in a deed to Amelia Cornwall, reciting the antenuptial contract, and stating that it was the spirit and intention thereof to cover any estate subsequently acquired by appellee, and conveyed the property inherited from appellee's brother to the separate use of the appellee, as in the former deed.   Afterwards, on the 18th of February, 1890, Amelia Cornwall conveyed to George Lochre the interest which had descended to her by the death of her son, John L. Cornwall, and her interest as widow of John Cornwall, father of appellee.  On the next day, February 19, 1890, George Lochre reconveyed all of the property conveyed to him by Mrs. Cornwall to her in trust for the separate use of appellee, as in former deeds declared   Subsequently, Mrs. Amelia Cornwall died, and William C. Reamer was appointed trustee for appellee. The property in suit had been owned jointly by John Cornwall, father of appellee, and one William Cornwall, Sr., and had never been partitioned.   William Cornwall. Sr., made a deed of assignment to the Louisville Trust Company, and, in a suit to settle his assigned estate, a deed of partition was made, and the property in suit, with other property, was conveyed to William C. Reamer, husband, as trustee of appellee, upon the same basis as in the deeds above mentioned.   Subsequently, in 1897, William C. Reamer, the husband of appellee, died, and appellee, believing the trust terminated, took possession of all her property, and afterwards sold certain pieces of it, and when the title was examined the purchaser claimed that he could not get a good title without the intervention of the trustees.   Mrs. Reamer then had H. V. Sanders appointed her trustee, and he, after conveying the property which had been previously sold by Mrs. Reamer, filed a suit for the settlement of his trust, in which Mrs. Reamer filed her answer and counter-

claim, alleging that the trust had terminated with the death of her husband, William C Reamer, and that she was entitled to take the property in fee simple. In this suit the court rendered a judgment to the effect that the several deeds aforesaid only created a separate estate in Mrs. Reamer, and were only so intended, and that same had terminated with the death of William C. Reamer, and directed the trustee to convey to Mrs. Reamer in fee simple free of any trust, which conveyance Sanders executed. Afterwards, Mrs. Reamer made the contract in suit with appellant, which he has refused to carry out, claiming that the heirs of Mrs. Reamer took an interest under the deeds aforesaid, and that she could not convey without the intervention of a trustee; that the judgment of the chancellor was not binding upon the heirs, as they were not parties to that action; and that appellants could not obtain a safe title under the circumstances.

The appellee is now a widow 57 years of age, and has never had any children, and has no descendants. Her only relatives are collateral kindred further removed than either mother or brother; and as to who, at the time of her death, will inherit from her is a question impossible to ascertain. The questions, in brief, in this case are, do the heirs at law of Mrs. Reamer take an interest in her property by the the deeds referred to? and does the trust created by the deeds still exist and can not be terminated?

The language of the antenuptial contract is as follows: "That with the consent of the party of the third part, the parties of the first and second parts have agreed to marry and that in consideration thereof the said Reamer agrees that all the property of every kind which the said Anna L. may own at the time of her marriage with him shall belong to her for her sole and separate use during her life with

the power to her to dispose of the same by last will and testament in the same manner as if she were unmarried; and that upon her obtaining the age of 21 years the said Reamer will unite with her in conveying the said property to the party of the third part or to any person who may be designated by the party of the third part in trust for the purposes aforesaid and with power to the said trustee or to any new trustee who may be appointed at the request of the said Anna L. by the Louisville chancery court or any court exercising its present jurisdiction to sell, convey and dispose of the said property or any part thereof with the written consent of the said Anna L. and to dispose of the proceeds thereof as the said Anna L. may in writing request."

Each of the deeds above referred to recites this marriage upon this consideration and the usual $1. The point of contract as the consideration therefor, and all are made contention in this case is the granting clause in the first deed, and the habendum clause in the subsequent deeds, which, however, are all in the same language, and which is as follows: "Do hereby bargain and sell, convey and assign to the said Amelia Cornwall all the property of every kind which the said Anna owned at the time of her marriage with the said William C. Reamer, in trust for the sole and separate use of the said Anna during her life and after her death, if she should die intestate, to convey the same to the descendants of the said Anna, if any, in the same proportions as if it had descended from her, or to her heirs, if she should die intestate and without descendants living at the time of her death. But the said Anna may dispose of the same by will as if she were a feme *sole* and the said Amelia, or any trustee appointed by the Louisville chancery court or any court exercising its

present jurisdiction in place of the said Amelia, may with the written consent of the said Anna, sell and convey the said property or any part thereof and dispose of the proceeds as the said Anna may in writing request, and the receipts of said Anna for profits, rents or other proceeds of said property shall be good and sufficient vouchers to her trustee for any money paid to her."

Appellant contends that it was intended and that the above language does create a voluntary settlement in favor of the heirs at law of the appellee which has not been and can not be terminated. Appellee contends that there was no intention to create any estate other than a separate estate for a married woman, which should be free from the marital rights of William C. Reamer; and that the trust created was a special trust, which terminated with the death of Reamer; and that the same was not a voluntary settlement, nor was there any intention to protect either the descendants of the appellee or her heirs, except from the marital rights of her husband, William C. Reamer. We can not agree with the argument of appellant that the reason for making the contract and the deeds does not appear upon the fact of the papers; nor can it be inferred from the papers, or from any omisson in the papers, that it was the intention by executing them to protect Mrs. Reamer against her own improvidence. In fact, the contrary is shown by the papers themselves. The antenuptial contract recites that it is made in consideration of marriage, and the agreement is entirely upon the part of William C. Reamer. Anna L. agreed to do nothing and is not bound to anything by the same, which seems to us conclusive that nothing more was intended by the contract than is usual in such contracts; that is to say, that the husband waives and relinquishes his marital rights in the property of the wife.

The first deed made pursuant to this marriage contract recites a consideration of $1, and for the purposes of executing and carrying into effect this marriage agreement between William C. Reamer and the other parties thereto, and then follows the granting clause above mentioned. It will be observed that. the granting clause of this deed is, in a large measure, in the exact words used in the marriage contract, except that it goes further, and says. "And after her death, if she should die intestate, to convey the same to the descendants of the said Anna, if any, in the same proportion as if it had descended from her or to her heirs if she should die intestate, and without descendants living at the time of her death." Considering the purpose of the marriage contract and the language used in all the conveyances, we are of the opinion that this language is not at all inconsistent with the intention to create a separate estate for Mrs. Reamer, but, for the reasons hereinafter shown, was necessary, as the parties believed, and is not unusual in the creation of a separate estate for a married woman. It appears that it was clearly the intention of the parties to exclude the marital rights of Reamer in. the property of his wife, not only during her lifetime, but after her death.

The cases of Cox v. Coleman's Adm'r, 13 B. Mon:, 452, Hart v. Soward, 14 B. Mon., 301, and the later case of Brown's Adm'r v. Brown's Ex'rs, 13 S. W., 105, 11 Ky. Law Rep., 799, all hold, and it is the settled law of this State, that where a separate estate is created for a married woman, and she dies, unless there are words excluding the marital rights of the husband after her death, that at her death the separate estate is terminated, and the husband takes his marital rights in the property to the ex-

clusion of the descendants or collateral heirs. The clause in controversy and the deeds show that they were drawn carefully, by experienced draftsmen, with a view to effectuate the intention of the parties. Therefore, to exclude the marital rights of Reamer, in the event his wife should die before him, it was necessary to make this additional clause directing a conveyance to her descendants.

The word "heirs" or "descendants," used in the creation of a separate estate for a married woman, will not, at her death, exclude the marital rights of the husband except as to the children. And in order to exclude the marital rights of the husband as to collateral heirs, there must be a clear intention shown to prefer the collateral kindred to the exclusion of the marital rights of the husband. Therefore it was necessary to go still further, and direct a conveyance to the heirs of appellee, failing descendants. It is our opinion that the marriage contract, considered in connection with the conveyances, gave to appellee a separate estate in her property, and the use of the words "descendants" and "heirs" was intended to exclude her husband from all interest in her property after her death, in the event she died before he did.

In view of these conclusions it necessarily follows that when appellee's husband died the trust ceased, as the purpose for which it was created no longer existed, and consequently when her husband died she took the fee simple title to all her property. Wherefore the judgment of the lower court is affirmed.