## Orm's Executor, et al. v. Robb.

(Decided October 23, 1917.)

### Appeal from McCracken Circuit Court.

1. Wills—Construction of—Defeasible Fee—Vested Estate.—Where a testator gave to his wife his entire estate for life and the right to use as much of it as she pleased, with remainder in fee to his daughter, the daughter took a defeasible fee; but she had a vested estate in the property from the death of the testator, subject to the provision for his wife.

2. Husband and Wife—Interest of Husband in Deceased Wife's Estate.—Where a daughter died before her mother the owner of

a vested interest in remainder in personal estate, subject to the right of her mother to use all or such part of it as she pleased, the husband of the daughter on the death of the mother took, under section 2132 of the statutes, one-half of the surplus personalty left by his wife. The fact that the interest of the daughter was subject to be defeated or diminished by the use of the whole or some part of the estate by the mother did not divest the estate of its character as a vested estate.

3. Husband and Wife—Right of Husband to Share in Wife's Personal Estate.—Under section 2132 of the statutes, the surviving husband is entitled to one-half of the personal property in which his wife at the time of her death had a vested estate.

4. Husband and Wife—Interest of Husband in Separate Estate of Wife.—Where a testator devised to his daughter his estate to be held by her as a separate estate, free from the use and control of any husband she might have, this provision did not deprive the husband of his statutory interest in it after her death.

5. Husband and Wife—Separate Estate—Words Excluding Marital Rights of Husband.—Where a separate estate is created for a married woman and she dies, if there are no words excluding the husband, he takes his marital rights in the property to the exclusion of the descendants or collateral heirs.

WHEELER & HUGHES and MOCQUOT & CAMPBELL for appellants.

BRADSHAW, NICHOLS & MacDONALD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

John Orm died testate, leaving surviving him his widow, Elizabeth Orm, and a daughter, Ella, who had married William Robb. Thereafter Ella Robb died intestate, survived by her husband, William Robb, and William Orm Robb, an infant, their only child, and some time after her death the widow, Elizabeth Orm, departed this life. The only clause in the will of John Orm before us for construction on this record reads as follows:

"Subject to the trust hereinafter stated.

"I also give and bequeath to my said wife absolutely one-third of the balance of my personal estate with power to dispose of same by gift, deed or will, to take effect, however, only after her death.

"I also give and bequeath to my said wife the income from the balance of my estate, real, personal or mixed, for and during her natural life, except so much thereof as may be necessary for the education and annual support and maintenance of my adopted daughter, Ella A. McNett, and the payment of the annual taxes,

insurance and expenses incident to the care and management of the estate by my executors. The remainder in fee of the balance of my estate, real, personal or mixed, I give, bequeath and devise to my adopted daughter, Ella A. McNett, in fee simple, subject, however, to the trust hereinafter stated, to be held, used and enjoyed by her as her separate estate free from the use or control of any husband she may have.

"The entire estate herein bequeathed and devised to my wife and adopted daughter is to be held in trust by my executors during the natural life of my wife, Elizabeth Orm, for the use and benefit of my said wife and adopted daughter, as herein set out, to be managed and controlled by my executors as they may think best."

After the death of Elizabeth Orm, the widow, a controversy arose as to what interest, if any, William Robb, the husband of Ella Robb, had in the personal estate that came to his wife, Ella Robb, under the will of John Orm, and for the purpose of having this matter determined this suit was brought by the executor of John Orm, deceased, to which William Robb and his son, William Orm Robb, were made parties defendant. In this suit William Robb, the father, asserted a right to one-half of the personal estate of his wife, and the statutory guardian of his infant son, William Orm Robb, set up claim to the whole of it. The lower court decided that on the death of Ella Robb the title to one-half of this personal estate passed to the child, William Orm Robb, and the title to the other one-half passed to and vested in William Robb, the husband, subject to the superior claims thereon of the widow, and this appeal is prosecuted from that judgment by the executor of John Orm and the statutory guardian of William Orm Robb, who, as we have said, insists that William Orm Robb was entitled to the whole of the estate.

The claim of the husband, William Robb, to one-half of the personal estate of his wife is founded on section 2132 of the Kentucky Statutes, reading: "After the death of either the husband or wife the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished; and the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent."

In the case of Robb's Guardian v. Orm's Executor, 164 Ky. 752, we had before us for construction other clauses than the one here in question of the will of John Orm, and in the course of that opinion it was said: "It is manifest from the language of the will as a whole that the support and maintenance of the testator's widow for life is made a charge upon the estate; such support and maintenance to be provided out of the income of the estate if sufficient, but, if the income be not sufficient, it must be provided by and from a sale of the property, real or personal, even to the consumption of the whole. The defeasible fee devised the adopted daughter, Ella A. Robb, in remainder, upon her death, descended under the statute to her infant son, William Orm Robb. . . . .

"The contingency provided for by the will in this case is the necessity that may arise for a sale by the executors of the estate devised, or a part thereof, in order to provide a support for the testator's widow, which support must be afforded her even though it required the sale of all the property, real and personal, belonging to the estate; and to the extent that such sales may become necessary for the purpose indicated, the son and heir-at-law of the adopted daughter will be defeated of his interest in and title to the estate devised."

It thus being settled that the daughter, Ella Robb, took only a defeasible fee in the estate, the argument in behalf of the executor and statutory guardian is that Ella Robb did not have such title to this personal property as would give her husband at her death the right under the statute to one-half of it; while counsel for the husband, William Robb, say that Ella Robb took a vested estate in all of this personal property, subject to the prior claims of her mother, Elizabeth Orm, and that whatever part of the estate was left unused by the mother at her death was necessarily free from any claim that she might have asserted to it in her lifetime, and consequently one-half of the personal estate left at the death of the widow, Elizabeth Robb, came to the husband of Ella Robb under the statute.

It will be noticed that the statute provides that the surviving husband or wife shall have an absolute estate in one-half of the surplus personalty "left by such decedent"; that is to say, one-half of such personalty as on the death of the decedent, if he or she died intestate, would pass under the statute of descent and

distribution to the heir, and this necessarily implies that the decedent should have had a vested estate in the personalty at the time of his or her death. Accordingly, we think that the whole case turns on the question whether Mrs. Robb had a vested estate in this property at the time of her death. If she did, then under the statute the husband took one-half of it. We think it plain upon principle as well as authority that Mrs. Robb did take a vested estate in this personalty, subject to be defeated only by the right of her mother to the use of all of it. So that if Mrs. Robb had been living at the time of the death of her mother, whatever part her mother had not used would have passed to Mrs. Robb in fee, because there was no devise over. The fact that the interest of Mrs. Robb was subject to be defeated by the use of the whole of it by her mother, or subject to be diminished by the use by her mother of such part as she did use, did not divest the estate of its character as a vested estate. Mrs. Robb had at all times the right to enjoy it and the capacity to enjoy it, subject only to the prior right of her mother.

A question very similar to this was before us in the case of Campbell v. Hinton, 150 Ky. 546. In that case Ned Hinton in his will provided that "I will and bequeath to my wife, Mary, all my property, real, personal and mixed, during her life; at her death what of it that is left is to go equally to my heirs at law; my object is to keep my property in the Hinton family. I will to my son, John Hinton, twenty-five dollars, in addition to a home with my wife if he wants to live here, this is in addition to his rightful share of my estate after the death of my wife."

After the death of the testator, the son, John, who was the only child of the testator, died, of age, and before his mother. After the death of his mother a controversy arose between the kindred of Ned Hinton, the testator, and the kindred of his widow, the mother of John, as to the ownership of the property. It was insisted for her kindred that under the will John took a vested remainder which at his death passed to his mother and at her death passed to them. On the other hand, it was insisted for the kindred of Ned Hinton, the testator, that John took a contingent remainder which was defeated by his death before his mother, and that at her death the property passed to them under the will of Ned Hinton. On the facts stated the court held that under

Ned Hinton's will the son, John, took a vested estate, which, upon his death, descended to his mother, although in that case, as in this, the mother had the right to use all of the estate. In other words, under the will John took a vested estate, subject to be defeated only by the right of his mother to use the whole of it, or subject to be diminished by the use of such part as she might use.

Another case directly in point is Armstrong v. Crutchfield, 150 Ky. 641. In that case the testator, B. F. Crutchfield, bequeathed to his wife, Susan, fifteen thousand dollars, and directed that she might will or dispose of one-half of it as she pleased. The other one-half he gave after the death of his wife to his nieces and nephews, one of whom was Bettie Savier, who married Tadlock. Bettie Savier died in 1858 and left surviving her husband, but no children. In 1910 Susan, the widow of the testator, died, and after the death of Susan a controversy came up as to whether Tadlock, as the husband of Bettie Savier, was entitled to one-half of the personal estate bequeathed to the widow for life and which at her death would have passed under the will of the testator to Bettie Savier, if she had then been living. In disposing of this question the court said that Mrs. Savier "owned a vested interest in remainder in the property at her death. It was hers from the date of the death of the testator, subject only to the contingency of the use of the widow, Mrs. Crutchfield, during her life. . . . Therefore, we conclude that appellee, Tadlock, as surviving husband and only heir, took this personal property of his wife subject only to the use of the widow, Mrs. Crutchfield, as provided in the will of her husband."

The interest of Mrs. Robb in this personal estate was not postponed. It took effect immediately upon the death of the testator; only the enjoyment or use of it was postponed until the death of the widow. Nor does the fact that the estate was to be held in trust affect its character. The character of the estate was fixed by the will, and this character was not in any manner altered or divested by the appointment of trustees to take charge of it during the life of the widow.

It will be observed that the will also provided that the estate bequeathed to Mrs. Robb (Ella McNett) was to be "held, used and enjoyed by her as her separate estate free from the use or control of any husband she may have." But this provision was only intended by

the testator to preserve the estate to the legatee free from the use or control, during her life, of any husband she might have. It did not have the effect of depriving the husband of his statutory interest in the estate after her death.

Thus it was said in Wood v. Reamer, 118 Ky. 841, that where a separate estate is created for a married woman, and she dies, if there are no words excluding the marital rights of the husband, he takes his marital rights in the property to the exclusion of the descendants or collateral heirs. To the same effect is Lee v. Belknap, 163 Ky. 418. And there is no intimation in this will of an intention to exclude any husband Ella McNett might have from participation in her estate after her death.

The judgment is affirmed.